United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20399
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ALFREDO ALBARENGA-VILLALOBO,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-467-ALL
--------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Alfredo Albarenga-Villalobo (Albarenga) appeals from his
sentence imposed on a guilty-plea conviction for illegal
re-entry.  The district court imposed a 58-month term of
imprisonment, followed by a three-year term of supervised
release.

    For the first time on appeal, Albarenga contends that the
"felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

are unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). As Albarenga concedes, this issue is foreclosed. <u>See</u> <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 247 (1998); <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000).

Albarenga further argues that the Supreme Court's holding in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), should be applied to sentences determined under the United States Sentencing Guidelines. As Albarenga also concedes, this argument is foreclosed by our opinion in <u>United States v. Pineiro</u>, 377 F.3d 464, 465-66 (5th Cir. 2004), <u>petition for cert. filed</u> (U.S. July 14, 2004) (No. 04-5263), but he raises it to preserve it for possible further review. Accordingly, the sentence of the district court is AFFIRMED.